UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-23476-LEIBOWITZ/AUGUSTIN-BIRCH

LISA ANNE CORNELL,

    Plaintiff,

v.

AIR CANADA,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR PROTECTIVE
ORDER AND CANCELING MARCH 6, 2026 DISCOVERY HEARING**

The Honorable David S. Leibowitz, United States District Judge, referred discovery matters in this case to the undersigned United States Magistrate Judge. DE 23 at 3. The case now comes before the Court on Defendant Air Canada's Motion for Protective Order. DE 35. Plaintiff Lisa Anne Cornell responded to the Motion for Protective Order, and Defendant replied. DE 37; DE 38. The Court has carefully considered the briefing and the record and is fully advised in the premises.

The Court set a hearing on the Motion for Protective Order for March 6, 2026, at 10:00 a.m. DE 34. However, upon review of the briefing, the Court concludes that a hearing is unnecessary to resolve the parties' discovery dispute. The Court therefore **CANCELS** the March 6 hearing. As set forth below, the Motion for Protective Order [DE 35] is **GRANTED IN PART AND DENIED IN PART**.

## I.     Procedural Background

Plaintiff filed this lawsuit against her former employer, Defendant, for age discrimination and breach of contract.  DE 1.  Plaintiff alleged in the Complaint that she left Defendant's employment in 2005 under the terms of a voluntary separation package and that Defendant's subsequent refusal to rehire her was due to discrimination and in breach of the voluntary separation package.  *Id.*

Defendant moved to dismiss the Complaint, and Judge Leibowitz granted in part and denied in part the Motion to Dismiss.  DE 11; DE 25.  Judge Leibowitz ruled that the case can proceed on Plaintiff's discrimination claim as to conduct that occurred after May 14, 2024, but that the discrimination claim as to earlier conduct and the breach-of-contract claim are time-barred.  DE 25.  Plaintiff has moved Judge Leibowitz to reconsider his ruling that the breach-of-contract claim is time-barred.  DE 28.  The Motion for Reconsideration remains pending as of the date of this Order.

## II.     Analysis

Defendant asks for three forms of relief in its Motion for Protective Order.  DE 35.  First, Defendant asks for a protective order precluding Plaintiff from deposing Vanessa Marotta.  Second, Defendant requests that Véronique Gauthier's deposition take place in Montreal, Quebec.  Third, Defendant asks for a 30-day stay of depositions to await Judge Leibowitz's ruling on the Motion for Reconsideration.  The Court considers each of Defendant's requests.

### A. Ms. Marotta's Deposition

Defendant asks that Plaintiff be precluded from taking Ms. Marotta's deposition. According to Defendant, the information that Plaintiff would obtain by deposing Ms. Marotta either is outside the scope of this lawsuit as Judge Leibowitz has limited it through his ruling on

2

the Motion to Dismiss or is duplicative of information what will be obtained by deposing Ms. Gauthier. Thus, Defendant contends that Ms. Marotta's deposition is unnecessary and unduly burdensome. Plaintiff maintains that Ms. Marotta has relevant, non-redundant knowledge, for example about a position statement concerning Plaintiff that Ms. Marotta gave to a governmental agency in Canada investigating Plaintiff's claim of discrimination.

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The protective order may forbid certain discovery. Fed. R. Civ. P. 26(c)(1)(A). The party seeking a protective order bears the burden of establishing good cause. *Stansell v. Revolutionary Armed Forces of Colom.*, 120 F.4th 754, 766 (11th Cir. 2024).

"[P]rotective orders prohibiting depositions are rarely granted." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *see also W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) ("Protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances."). "The burden of showing good cause to preclude a deposition altogether is a heavy one." *Dunford*, 233 F.R.D. at 637.

Defendant has not met its heavy burden to show that the Court should preclude Ms. Marotta's deposition. Information before the Court shows that Ms. Marotta gave a Canadian agency a statement signed in October 2022 relating to Plaintiff and her claim of discrimination. The statement included information about how Plaintiff is coded in Defendant's records for the purpose of being rehired and whether she is coded as a retiree, which could indicate to a reader of

the records that she likely is an older individual.  *See* DE 37 at 5 (excerpts from Ms. Marotta's statement).

Based on that statement, Ms. Marotta has knowledge relevant to Plaintiff's claim of age discrimination.  Ms. Marotta signed the statement before the time period that is at issue in this case following Judge Leibowitz's ruling on the Motion to Dismiss (that is, May 14, 2024, to the present).  Nevertheless, how Plaintiff is coded in Defendant's records remains relevant to whether Defendant discriminated against Plaintiff during the time period at issue.

Ms. Marotta's knowledge may, or may not, be identical to Ms. Gauthier's knowledge. Neither Plaintiff nor the Court can know absent a deposition.  Plaintiff need not simply accept Defendant's representation that Ms. Marotta and Ms. Gauthier will say the same thing.  Plaintiff may take Ms. Marotta's deposition.  With respect to this subject, Defendant's request for a protective order is denied.

**B. Ms. Gauthier's Deposition**

Defendant asks that Ms. Gauthier's deposition take place in Montreal where she lives. Plaintiff opposed a deposition in Montreal because, under Quebec law, a witness testifying in Quebec has the right to testify in French, and a deposition in French rather than in English would result in additional costs and delays.

But Defendant's reply reveals that the parties have worked this dispute out.  The parties' resolution is that Ms. Gauthier's deposition will take place in Montreal, and the deposition will be conducted in English.  Thus, Defendant's request for a protective order is granted on this subject insofar as Ms. Gauthier's deposition must take place in Montreal and must be conducted in English.

Defendant's reply indicates that the parties' agreement to take a deposition in Montreal in English extends to other witnesses based in Montreal. The Court limits its ruling to Ms. Gauthier's deposition because that is what Defendant requested in the Motion for Protective Order. The Court is confident that, through good-faith conferral, the parties can agree on the locations and manner of remaining depositions.

### C. A Stay of Depositions

Finally, Defendant asks that depositions be stayed for 30 days while awaiting a ruling on the Motion for Reconsideration. As a reminder, the Motion for Reconsideration asks Judge Leibowitz to revive Plaintiff's breach-of-contract claim. Plaintiff opposes a stay, representing to the Court that the depositions she intends to take "relate exclusively to age discrimination." DE 37 at 3.

Based on Plaintiff's representation, whether the breach-of-contract claim remains dismissed or is revived does not impact the depositions because they "relate exclusively to age discrimination." *Id.* Therefore, a stay is unwarranted and is denied. But Plaintiff should not expect to be allowed to re-depose an already deposed witness, should she go forward with depositions now and should her breach-of-contract claim be revived later.

The Court reminds the parties that the scope of discovery is framed by the *current* claims and defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1) (explaining that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). A party cannot obtain discovery on a dismissed claim. *Amorium v. Wal-Mart Stores E., L.P.*, No. 24-cv-81535, 2025 WL 1639221, at *5 (S.D. Fla. May 20, 2025) (explaining that Rule 26(b)(1) permits discovery that is relevant and proportional to a

pending claim or defense and that "[n]o discovery is appropriate as to dismissed claims"), *report & recommendation adopted*, 2025 WL 1634739 (S.D. Fla. June 9, 2025).

Objections during the depositions, including those based on relevance, should be preserved per Rule 30(c)(2). *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). A deponent may be instructed not to answer only in limited circumstances. *See id.* ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 2nd day of March, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE