**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-23476-LEIBOWITZ/AUGUSTIN-BIRCH**

**LISA ANNE CORNELL,**

**Plaintiff,**

**v.**

**AIR CANADA,**

**Defendant.**
_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPARATOR DISCOVERY AND CANCELING AUGUST 25, 2026 DISCOVERY HEARING**

This case comes before the Court on Plaintiff Lisa Anne Cornell's Motion to Compel Comparator Discovery, which is fully briefed at docket entries 63 through 65. The Court has carefully considered the briefing and the record and is fully advised in the premises.

Plaintiff moves for an Order compelling Defendant to produce documents reflecting the identities and qualifications of individuals selected for the job positions for which she applied. Plaintiff contends that this information is relevant and proportional to establishing comparators for the purpose of proving her age discrimination claim. Defendant responds that, for the most part, it already has produced the comparator information Plaintiff seeks, although it has redacted personal identifying information. On page 3 of her Motion to Compel, Plaintiff requests seven forms of relief. DE 63 at 3. The Court rules as follows as to each form of relief:

First, Plaintiff asks that Defendant be compelled to "identify each person selected for the MIA CES openings associated with Plaintiff's January 24, 2025 application." *Id.* There were four such people. *Id.* at 2. Defendant's objection to identifying those four people by name is overruled.

The Court does not see (nor does Defendant argue) how the names could be privileged, and there is a Stipulated Confidentiality Order in place in this case that should assuage a confidentiality concern. *See* DE 59-1. Defendant must produce to Plaintiff the four selected individuals' names, in unredacted form. The Court will not order Defendant to produce the names of all applicants for the job openings or all interviewees for the job openings.

Second, Plaintiff asks that Defendant be compelled to "provide each selectee's age at selection or birth year." DE 63 at 3. Defendant's objection to disclosing that information is also overruled. The information is not privileged, the Stipulated Confidentiality Order should assuage a confidentiality concern, and the information is directly relevant to Plaintiff's age discrimination claim. For each of the four selected individuals, Defendant must produce to Plaintiff a document within its possession, custody, or control that discloses the individual's age at the time of selection or the individual's birth year, in unredacted form. The Court will not order Defendant to produce the birth month or date.

Third, Plaintiff asks that Defendant be compelled to "produce each selectee's application, resume, relevant qualifications, interview notes, scorecards, rankings, offer, and selection-reason documents." *Id.* Defendant contends that it already has produced much, if not all, of the documents responsive to this request. Plaintiff's request is granted. For each of the four selected individuals, Defendant must produce to Plaintiff the documents within its possession, custody, or control that contain the individual's "application, resume, relevant qualifications, interview notes, scorecards, rankings, offer, and selection-reason documents." The Court is not overruling any objections or redactions to these documents because the parties have not briefed what information within the documents might be objectionable or redactable.

Defendant must serve the above-required information and documents on Plaintiff by **August 28, 2026**, if it has not already done so. For each of the four selected individuals, Defendant must list the responsive documents by Bates number that apply to the individual.

Fourth, Plaintiff asks that Defendant be compelled to "amend its responses to RFP Nos. 1–8 to identify request-specific Bates ranges and all material withheld or redacted." *Id.* That request is denied. Plaintiff did not attach to her Motion to Compel the requests for production and responses for which she seeks relief, and so the Court cannot review them to determine whether to grant any relief.[1] But the Court expects both parties to, for each request for production, cite the responsive documents by Bates number. Further, Defendant has served a privilege and redaction log, which should identify to Plaintiff the responsive material Defendant has withheld or redacted. *See* DE 64 at 11–31.

Fifth, Plaintiff asks that Defendant be compelled to "provide any required privilege or redaction log." DE 63 at 3. That request is denied because, the day before Plaintiff filed her Motion to Compel, Defendant served that log. *See* DE 64 at 11–31. Plaintiff represented in the Motion to Compel that Defendant had not served a log. DE 63 at 1. That representation was untrue. The Court expects that, before a party files a document, it has reviewed the case material within its possession and ascertained that all of the assertions within the filed document are true. In the future, misrepresentations will be sanctioned. To the extent that Plaintiff, in her reply, asks for relief based on inadequacy of the log, that request is denied without prejudice because she did not raise it at the outset in the Motion to Compel.

---

[1] The Order Setting Discovery Procedures requires a movant to attach the relevant source documents to a discovery motion. DE 24 at 3.

Sixth, Plaintiff asks that Defendant be compelled to "certify the custodians and systems searched." *Id.* at 3. That request is denied because Plaintiff did not provide any argument or authority to support it.

Seventh, Plaintiff asks for an award of reasonable expenses. That request is denied.

In sum, Plaintiff's Motion to Compel Comparator Discovery [DE 63] is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order. The discovery hearing scheduled for August 25, 2026, at 3:30 p.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE