**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-23476-LEIBOWITZ/AUGUSTIN-BIRCH**

**LISA ANNE CORNELL,**

**Plaintiff,**

**v.**

**AIR CANADA,**

**Defendant.**
**______________________________________/**

**ORDER GRANTING DEFENDANT AIR CANADA'S MOTION TO COMPEL DISCOVERY CONCERNING ALLEGED DAMAGES AND ORDER FOLLOWING DISCOVERY STATUS CONFERENCE**

This case came before the Court on October 16, 2026, for a discovery hearing on Defendant Air Canada's Motion to Compel Discovery Concerning Alleged Damages and for a discovery status conference. Defendant's Motion to Compel is fully briefed at docket entries 75, 77, and 78. The Court has carefully considered the briefing, counsel's arguments during the discovery hearing, and the record and is fully advised in the premises.

In the Motion to Compel, Defendant asks the Court to compel Plaintiff Lisa Anne Cornell "to provide complete damages discovery, including but not limited to, Plaintiff's tax and income records sufficient to establish all wages, compensation, and other income paid or provided to Plaintiff in connection with her employment with Cornell & Associates, P.A." DE 75 at 1. Plaintiff does not dispute that her "wages, compensation, and other income" are relevant. Her wages, compensation and other income undoubtedly are relevant, given that the damages she seeks for alleged age discrimination include back pay and front pay. *Id.* at 6–7 (Plaintiff's damages calculation); *see, e.g.*, *U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244,

1251 (11th Cir. 1997) ("The purpose of relief under the federal employment anti-discrimination laws is to make persons whole for injuries suffered on account of unlawful employment discrimination. Consistent with this concept, once liability for harassment and constructive discharge on the basis of age is established, the injured victim is presumptively entitled to back pay from the date of the discriminatory discharge until the date of judgment, unless the victim obtains or could have obtained substantially equivalent work before that time." (citation and quotation marks omitted)); *Muñoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) ("In an age discrimination suit, a successful plaintiff receives back pay from the date of his or her termination to the date of trial. . . . The failure to mitigate one's damages is an affirmative defense, and as such, the Resort bore the burden of demonstrating at trial that the plaintiff did not seek comparable employment following his termination.").

But Plaintiff maintains—and testified during her deposition—that she does not receive a salary or hourly rate from Cornell & Associates, P.A., and thus she contends that she should not be compelled to produce anything. DE 75 at 22 (deposition testimony). Plaintiff's tax returns are relevant and discoverable to enable Defendant to test the veracity of her assertion that she does not receive an income from Cornell & Associates, P.A. *See, e.g.*, *Platypus Wear, Inc. v. Caldas*, No. 06-20976-CIV, 2007 WL 778976, at *1 (S.D. Fla. Mar. 9, 2007) (compelling a defendant to produce documents reflecting on the veracity of his claim in an affidavit that he was a passive investor in a company); *Fair Hous. Ctr. of Greater Palm Beaches, Inc. v. High Point of Delray Beach Condo. Ass'n, Section 1, Inc.*, No. 05-81040-Civ, 2006 WL 8066685, at *3 (S.D. Fla. Oct. 23, 2006) ("Generally, discovery seeking information with which to impeach an opposing witness is discoverable.").

Plaintiff maintains that her husband's income, which will be shown on her tax returns, is irrelevant to this lawsuit.[1] During the discovery hearing, Defendant agreed that Plaintiff's husband's income is irrelevant. But Plaintiff has not identified the specific lines on her tax returns that include irrelevant information and that could be redacted. At the same time, a Stipulated Confidentiality Order is in place in this case that provides protections for confidential material such as financial documents that are produced as part of discovery. DE 59-1 (Stipulated Confidentiality Order). The Court is confident that the parties will keep confidential any irrelevant material that may be included in Plaintiff's relevant tax returns.

Plaintiff has estimated her back pay for the period of November 1, 2024 to March 29, 2027, and she has estimated her front pay for the period of March 30, 2027 to October 6, 2034. DE 75 at 6–7. Her pay history before the time she contends she began to accrue damages is relevant to the accurate calculation of her damages. *See, e.g.*, *Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CIV, 2003 WL 25589035, at *2 (S.D. Fla. June 24, 2003) ("The requests concerning Plaintiff's background, including her education, her work history and her pay history, before being employed by Defendants are relevant to issues in her sex discrimination case, specifically, . . . what damages, if any, that Plaintiff has suffered. . . . Defendants have limited the request for Plaintiff's pay history to a reasonable period, less than four years before she began her employment with Defendants. Plaintiff's work history, pay history and education are relevant to her ability to mitigate."). Defendant requested copies of Plaintiff's tax returns for tax years 2022 to the present. DE 75 at 10. Production of tax returns for two tax years prior to when Plaintiff contends she began to accrue

[1] Plaintiff raised privilege objections in her responses to Defendant's document requests. DE 75 at 10–11. But she does not maintain those privilege objections in the briefing, much less cite authority to support them. She therefore has waived her privilege objections. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) (explaining that "failure to make arguments and cite authorities in support of an issue waives it"). Instead of basing her opposition on a privilege, in the briefing Plaintiff relies on irrelevance and disproportionality.

damages, as well as for the tax years she maintains she accrued damages, is reasonable and proportional to the needs of this case.[2]

Accordingly, Defendant's Motion to Compel [DE 75] is **GRANTED** insofar as, by **5:00 p.m. on October 20, 2026**, Plaintiff must serve on Defendant: (1) copies of Plaintiff's federal and state tax returns (whether individual or joint), including all schedules and any amendments, for tax years 2022 to the present; (2) copies of any W-2s, 1099S, and/or alternative income records issued to Plaintiff by any source or employer for tax years 2022 to the present; (3) copies of any checks or paystubs reflecting any compensation paid to Plaintiff from Cornell & Associates, P.A. for tax years 2022 to the present; (4) copies of any records reflecting a value for any non-monetary benefits (for example, healthcare benefits) that Plaintiff has received from Cornell & Associates, P.A. for tax years 2022 to the present; and (5) any documentation on which Plaintiff intends to rely to support her claim for or calculation of damages.

Plaintiff must produce the above material that is within her possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). During the discovery hearing, Plaintiff indicated that her accountant maintains her financial records. The Court presumes that Plaintiff has the ability to demand her own financial records from her accountant. Withholding responsive material may be a basis for sanctions. Fed. R. Civ. P. 37(b)(2).

[2] During the discovery hearing, Defendant asked for the production of tax returns beginning in tax year 2021. The Court declines to permit Defendant to amend its document requests at this late stage of the discovery period. And in any event, the Court rules that production of tax returns for tax years 2022 to the present is proportional to the needs of this case.

Turning to the matters the Court discussed with the parties during the discovery status conference, Plaintiff informed the Court that she believes that responsive email communications exist that Defendant has not produced. But Plaintiff acknowledged that she had not yet discussed the matter of unproduced emails with Defendant. Plaintiff is ordered to immediately confer with Defendant on this matter to resolve any production deficiencies. The parties indicated that, other than the income information that is the subject of the Motion to Compel addressed above and the possibility of unproduced emails, the only outstanding discovery is two depositions that are scheduled to be taken on October 21, 2026.

The current discovery deadline is November 3, 2026. The Honorable David S. Leibowitz, United States District Judge, twice has stated that he will not extend the discovery deadline. DE 61; DE 76. Thus, the parties must work to bring discovery to a close in the coming weeks. As the Court advised the parties during the discovery status conference, the Court has limited availability for discovery hearings during the next two weeks due to its criminal duty schedule. If the parties have an additional discovery dispute, they must contact the Court immediately to have the matter set for a hearing.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of October, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE